IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON MARK LONG,  )
 )
              Petitioner,  )
 )
v.  )    Case No. 25-3157-JWL
 )
C. CARTER, Warden, FCI-Leavenworth,  )
 )
              Respondent.  )
 )
_____)

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the application of his First Step Act (FSA) credits by the Bureau of Prisons (BOP). In her response, respondent concedes that the BOP erred in calculating petitioner's PATTERN score in June 2025 and August 2025, based on an incorrect history-of-violence value, which value has since been corrected. Respondent further concedes that in light of that error, petitioner's August assessment should have yielded a low risk of recidivism for petitioner instead of a medium risk. Respondent argues, however, that fixing that error would not change the June assessment of a medium risk, and that because petitioner still would not have received two consecutive low assessments, he would not have been eligible for transfer to pre-release custody any earlier than the BOP's recommended date of September 25, 2025. Indeed, petitioner concedes in his traverse that he has recently been transferred to pre-release custody. Accordingly, any claim by petitioner by which he seeks that relief is hereby **denied as moot**.

Petitioner is also concerned with his ultimate release date, however, which he argues has been affected by the BOP's failure to apply his credits properly. In particular, petitioner argues that the BOP improperly delayed in giving him credit for four programs completed in May 2025. From the evidence submitted by respondent, it appears that the BOP did not give petitioner credit for any programs completed in the June 2025 assessment, but did give credit for four programs in the August 2025 assessment. Respondent has not addressed this argument specifically or explained why petitioner was not given credit for the programs in the June 2025 assessment.[1] Moreover, it appears from respondent's declaration that if petitioner had been given credit for programs in June, that assessment might also have yielded a low risk determination. Because a prisoner who receives two consecutive low risk assessments can earn FSA credits at a greater rate, *see* 18 U.S.C. § 3632(d)(A), it appears that determining the proper risk determination for the June 2025 assessment could affect petitioner's ultimate release date, which is presently calculated for January 2026.

In light of this outstanding issue regarding petitioner's credits, respondent is hereby ordered to show cause, by filing a written response on or before **November 6, 2025**, why the Court should not order that petitioner's credits be earned and applied as if he had

---

[1] Respondent notes that in the August assessment, the number of completed programs was changed to four, and the worksheet for that assessment lists four programs with start and stop dates in March 2025. Neither respondent nor the BOP declarant, however, has explained why those programs were not included in the June assessment or how such inclusion would have affected the proper risk determination. There may be an explanation for that discrepancy between the June and August worksheets, but if so, respondent has not stated it for the Court.

received low recidivism determinations in both the June 2025 and August 2025 assessments. Petitioner may then file a supplemental reply on or before **November 20, 2025**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied in part as moot**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT respondent shall show cause, by filing a written response on or before **November 6, 2025**, why the Court should not grant the petition to the extent that it orders that petitioner's credits be earned and applied as if he had received low recidivism determinations in both the June 2025 and August 2025 assessments. Petitioner may then file a supplemental traverse on or before **November 20, 2025**.

IT IS SO ORDERED.

Dated this 23rd day of October, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] In these unique circumstances, in which respondent has conceded that the BOP erred in making its risk assessments but has still failed to address a potential issue with respect to the correction of those assessments, the Court excuses petitioner's failure to exhaust his administrative remedies.