IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON MARK LONG,                        )
                                        )
                    Petitioner,         )
                                        )
    v.                                  )    Case No. 25-3157-JWL
                                        )
C. CARTER, Warden, FCI-Leavenworth,     )
                                        )
                    Respondent.         )
                                        )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the application of his First Step Act (FSA) credits by the Bureau of Prisons (BOP). By Memorandum and Order of October 23, 2025, the Court denied the petition in part. Specifically, because petitioner had already been transferred to pre-release custody, the Court denied as moot petitioner's claims by which he sought that relief based on an error, admitted and corrected by respondent, concerning the score used to determine petitioner's risk of recidivism. The Court noted, however, that respondent had not addressed whether petitioner should have been given credit for certain programming in his June 2025 assessment, which credit might have affected petitioner's risk determination, which determination may in turn affect the rate at which petitioner may still earn credits against his ultimate release date. Accordingly, the Court ordered respondent to show cause why the Court should not order that petitioner's credits be earned and applied as if he had received a low recidivism determination in his June 2025 assessment. Respondent filed a

supplemental response brief as ordered, but petitioner did not file a supplemental reply brief, and the deadline for such a reply brief has long since passed. The remaining issue is therefore ripe for ruling.

In her supplemental brief, respondent has provided the explanation missing from her original answer to the petition. According to evidence submitted by respondent, an inmate is not given credit for programming in an assessment until the inmate's participation has been reviewed, verified, and certified; and that process could not have been completed with respect to the programming at issue (which ended at the earliest in late May 2025) prior to petitioner's assessment on June 5, 2025. Petitioner has not disputed that evidence. Thus, petitioner has not shown that the BOP violated federal law with respect to that assessment, and therefore the Court denies the petition for habeas relief in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied** in its entirety.

IT IS SO ORDERED.

Dated this 2nd day of December, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge